**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAR 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD CHARLES LUSSY,

          Plaintiff-Appellant,

  v.

HENRY PAUMIE LUSSY; et al.,

          Defendants-Appellees.

No. 18-35937

D.C. No. 2:17-cv-00079-BMM-JCL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

    Richard Charles Lussy appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising out of the

administration of the assets of Lussy's mother's estate.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of Civil

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6). *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014). We affirm.

The district court properly dismissed Lussy's Racketeering Influenced and Corrupt Organizations Act ("RICO") claim because Lussy failed to allege facts sufficient to demonstrate any element of a RICO claim. *See id.* at 997 (setting forth elements of a RICO claim).

The district court properly dismissed Lussy's state law fraud claim because Lussy failed to allege fraud with particularity as required under Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (discussing heightened pleading standard under Rule 9(b), which applies to state law claims alleging fraudulent conduct); *see also In re Estate of Kindsfather*, 108 P.3d 487, 490 (Mont. 2005) (elements of fraud under Montana law).

The district court properly dismissed Lussy's claim based on the "Missing 13th Amendment." *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

The district court did not abuse its discretion in denying Lussy leave to amend because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and

explaining that a district court "acts within its discretion to deny leave to amend when amendment would be futile").

The district court did not abuse its discretion in denying Lussy's motion for default judgment against defendant Green because Lussy failed to demonstrate the possibility of prejudice and failed to plead sufficient facts to state a claim against Green. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors courts consider in determining whether to enter a default judgment).

We reject as meritless Lussy's criticisms of the magistrate judge, the district court judge, and the courtroom deputy.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Lussy's motion to expedite the appeal (Docket Entry No. 15) is denied as moot.

Lussy's motion for sanctions (Docket Entry No. 16) is denied.

**AFFIRMED.**